# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:10-cr-00186-RLH-LRL |
| v. ) | |
| ) | MOTION TO SUPPRESS |
| GLADYS MCGARRY, ) | STATEMENTS (#12) |
| ) | |
| Defendant. ) | |
| ) | |

# REPORT & RECOMMENDATION

The defendant, Gladys McGarry, is under indictment on a charge of Making and Using Counterfeit Postage in violation of 18 U.S.C. § 982(a)(2)(B). The matter before the court is McGarry's Motion to Suppress Statements (#12), in which she contends that statements she made to U.S. Postal Inspectors should be suppressed because they were involuntarily made as the product of severe inducement. Also before the court is the government's Opposition (#14), the government's Corrected Opposition (#18), and defendant's Reply (#15). Trial is set for October 18, 2010. Order (#11).

An evidentiary hearing on the Motion (#12) was scheduled for August 13, 2010. On August 2, 2010, the court issued a Minute Order (#16) directing the government to file an errata containing exhibits to its Opposition and setting the time and date for the evidentiary hearing. The hearing was initially set for Friday, August 13, 2010, at 10 a.m. The same day, the court issued an Amended Minute Order (#17) resetting the time for the hearing to 9 a.m., but retaining the same date, Friday, August 13. In response to the court's order (#16), the government filed a Corrected Opposition (#18) on August 2, 2010.

. . .

At the time set for hearing, the defendant and her counsel were present and ready to proceed. The Assistant U.S. Attorney represented that the government's witnesses were not present to testify, because he had mistakenly calendared the hearing for the wrong day. Despite the court having issued two minute orders setting the date of the hearing for August 13, 2010, he calendared it for the following Friday, August 20, 2010. Government counsel could offer no excuse or justification for the error. In an effort to put on the government's case, he suggested that since the main government witness worked in Las Vegas she might still be able to appear. The court called a recess to allow him to contact the witness. As it happened, she was on a plane from Washington D.C. to Las Vegas, and was unable to appear. Without excuse or justification, and due to its own negligence, the government was not ready to proceed. The court believes that the appropriate sanction is to suppress the defendant's confession on the ground that the government was unable to offer evidence to show that the defendant's statements were voluntary. *See United States v. Tingle*, 658 F.2d 1332, 1335 (9th Cir. 1981).

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that McGarry's Motion to Suppress Statements (#12) should be granted.

DATED this 13th day of August, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**